IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL W. SMITH                                                                           PLAINTIFF

v.                                                              CIVIL ACTION NO.: 2:12-CV-75-GHD-JMV

GAIL JACO and
KIMBERLY D. CHRESTMAN
a/k/a Kimberly D. Cherry                                                                   DEFENDANTS

## MEMORANDUM OPINION DENYING DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court as a result of two sets of identical letters addressed to the Court and filed by each of the Defendants, Gail Jaco and Kimberly Chrestman [22, 23, 31, and 32], wherein Defendants request that the Court dismiss the complaint against them and declare that the subject quitclaim deed is null and void. However, Defendants fail to provide any legal basis, such as a failure to state a claim or a lack of genuine dispute of a material issue, in support of the motion. Nevertheless, the Court considers these letter requests with a lenient standard given the *pro se* nature of the filings, and, accordingly, will undertake to evaluate these motions pursuant to the Federal Rule of Civil Procedure 12(b)(6) standard, as well as the summary judgment standard pursuant to Federal Rule of Civil Procedure 56(a). As explained below, the letter requests for dismissal shall be denied.

### STANDARD OF REVIEW FOR MOTIONS TO DISMISS PURSUANT TO RULE 12(B)(6)

When considering a motion to dismiss for failure to state a claim under 12(b)(6), a complaint is properly dismissed if it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Motions made pursuant to Rule 12(b)(6) test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all the allegations in the complaint are

1

true" and determine whether the averments comprise a "plausible" right to recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S. Ct. 1955 (citation omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. 1955. Once the court has accepted the well pled factual allegations as true, it then turns to whether the claim is plausible. *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 678, 129 S. Ct. 1937 (citations omitted). Determining whether a plausible claim of relief has been adequately pled is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S. Ct. 1937.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). But the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505. Summary judgment must be rendered when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

## DISCUSSION

The Plaintiff's complaint provides detailed factual allegations as against both named

Defendants. The complaint, including attached exhibits, cannot be deemed to be an insufficient warning of the circumstances and claims for which the Plaintiff seeks relief and provides fair notice of any and all allegations against those Defendants. The Court has carefully considered the complaint and finds that the Plaintiff's claim has facial plausibility and sufficient factual content to withstand a Rule 12(b)6 motion to dismiss.

With regard to summary judgment, not only do Defendants make no assertion that there is no genuine dispute as to any material fact; to the contrary, the entire basis of the Defendants' letters is a litany of acknowledged disputed factual matters.

## CONCLUSION

Upon review, the Court finds that Defendants have met neither the requisite standard imposed for dismissal under Rule 12(b)(6) nor the summary judgment standard imposed under Rule 56(a). Accordingly, the Court finds that Defendants' motions to dismiss [22, 23, 31, and 32] should be DENIED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 19th day of April, 2013.

_____
SENIOR JUDGE