IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MICHAEL W. SMITH                                                PLAINTIFF

v.                                         CIVIL ACTION NO. 2:12-cv-00075-GHD-JMV

GAIL JACO and KIMBERLY D. CHRESTMAN                             DEFENDANTS

MEMORANDUM OPINION DENYING
DEFENDANTS' MOTION TO OBJECT TO VIDEO CONFERENCING

In this property dispute case, *pro se* Plaintiff Michael W. Smith ("Plaintiff") sues relative to the ownership of certain real property in Desoto County, Mississippi. Defendants Gail Jaco and Kimberly D. Chrestman ("Defendants") are *pro se*, as well. Plaintiff is incarcerated in the Hardeman County Correctional Facility in Whiteville, Tennessee, as the result of felony assault convictions. Trial in this cause is presently set for September 22, 2014 in Oxford, Mississippi.

On May 30, 2014, the Clerk of the Court issued a writ of *habeas corpus ad testificandum* [74] as to Plaintiff, ordering the Hardeman County Correctional Facility to deliver Plaintiff to its facility video conference room to participate in the final pretrial conference in this cause. On August 4, 2014, the United States Magistrate Judge entered an Order [86] requesting a status update on Plaintiff's ability to pay the costs of his transportation to trial and indicating that if Plaintiff was unable to pay the costs of trial, the Court would undertake arrangements for his appearance at trial via video conference. Plaintiff filed no response to the Order. Thus, on August 26, 2014, the United States Magistrate Judge issued a writ of *habeas corpus ad testificandum* [89] as to Plaintiff, ordering the Hardeman County Correctional Facility to deliver Plaintiff to its facility video conference room to participate in the trial in this cause.

1

On July 29, 2014, Defendants filed a motion for objection to video conferencing [81],[1] wherein they state their belief that Plaintiff has enough money to pay for his trial transportation costs and other fees. Defendants further express their concern that "[Plaintiff] has been extremely uncooperative with coming to a settlement agreement and we feel he should appear in person before the judge. [Plaintiff] is trying to commit extor[tion] by holding the property over [Defendant Kimberly D. Chrestman's] head to get her to commit perjury." Plaintiff has not filed a response to the motion.

Upon due consideration of Defendants' arguments and concerns, the Court finds that the same are not well taken. District courts are expressly granted the power to issue the writ of *habeas corpus ad testificandum* when "[i]t is necessary to bring [the prisoner] into court to testify or for trial." 28 U.S.C. § 2241(c)(5); *see Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977). The decision to issue the writ rests within the discretion of the district court. *Latiolais v. Whitley*, 93 F.3d 205, 208 (5th Cir. 1996); *Ballard*, 557 F.2d at 480 (citing *Malinauskas v. United States*, 505 F.2d 649, 655–56 (5th Cir. 1974); *United States v. Hathcock*, 441 F.2d 197, 199–200 (5th Cir. 1971); *Ball v. Woods*, 402 F. Supp. 803, 808 (N.D. Ala. 1975), *aff'd without opinion sub nom.*, *Ball v. Shamblin*, 529 F.2d 520 (5th Cir. 1976)). "When determining whether it should issue a writ of *habeas corpus ad testificandum* in such instances, the district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Id.*

---

[1] The Court construes this objection to video conferencing as a motion for objection to video conferencing.

about the failure to reach a settlement agreement, because no settlement has been reached by the parties, trial in this cause is necessary. Plaintiff's presence is not necessary at trial with the advances in video conferencing which make it possible for Plaintiff to "appear" without having to undergo transportation costs and create the need for increased security in the courtroom. With due consideration of all of the circumstances of this case, the Court finds that Defendants' motion for objection to video conferencing [81] is not well taken and should be DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 3rd day of September, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE