IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MICHAEL W. SMITH                                                                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 2:12-cv-00075-GHD

GAIL JACO and KIMBERLY D. CHRESTMAN                                                           DEFENDANTS

MEMORANDUM OPINION DENYING
PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS

In the case *sub judice*, which is a property dispute case between *pro se* Plaintiff Michael W. Smith ("Plaintiff") and *pro se* Defendants Gail Jaco and Kimberly D. Chrestman ("Defendants"), Plaintiff has filed a motion to impose sanctions on Defendants [96]. Defendants have not filed a response to the motion. Upon due consideration, the Court finds that the motion must be denied for the reasons stated below.

In his motion, Plaintiff argues that sanctions should be imposed against Defendants for repeatedly failing to serve their filings on Plaintiff in violation of Rule 5 of the Federal Rules of Civil Procedure; Plaintiff maintains that the most recent violation was Defendants' failure to serve Plaintiff with their motion for objection to video conferencing [81]. As stated, Defendants have not filed a response to the motion.

Rule 5 requires a litigant to properly serve his or her pleadings and papers filed subsequent to the complaint on an opponent. *See* FED. R. CIV. P. 5. "The language of Rule 5 is mandatory; the Rule, however, does not speak of a remedy [for violations]." *Borroto v. Wilson*, 138 F.3d 951, 1998 WL 110042, at *2 (5th Cir. 1998) (per curiam) (citing FED. R. CIV. P. 5) (footnote omitted). However, courts have imposed sanctions for such violations to cure prejudice caused by the lack of service, punish frequent or bad faith violations of the rules of

1

procedure, or deter future violations. *See* 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1143 n.13 (citing cases). This Court is mindful that even *pro se* litigants are not exempt from appropriate sanctions when required. *See Jackson v. Carpenter*, 921 F.2d 68 (5th Cir. 1991); *Goad v. Rawlings*, 921 F.2d 69 (5th Cir. 1991). However, this Court is also mindful that it must "apply less stringent standards to parties proceeding *pro se* than parties represented by counsel." *See Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (internal quotation marks omitted)).

With all of the foregoing in mind, the Court finds that Plaintiff has failed to demonstrate that sanctions are appropriate against Defendants for bad faith or otherwise. No prejudice resulted to Plaintiff if Plaintiff in fact did not receive a timely copy of Defendants' motion for objection to video conferencing, as that motion was denied and thus was ruled on in Plaintiff's favor. Plaintiff does not address how he has suffered prejudice by any lack of service of other filings. Although the Court finds that sanctions are not appropriate against Defendants, the Court reminds the parties to comply with Rule 5 by serving all papers and pleadings on opponents as provided in Rule 5(b)(2)(A).

An order in accordance with this opinion shall issue this day.

THIS, the 20th day of October, 2014.

_____
SENIOR UNITED STATES DISTRICT JUDGE