IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MICHAEL W. SMITH                                                                PLAINTIFF

v.                                                     CIVIL ACTION NO.: 2:12-cv-00075-GHD

GAIL JACO and KIMBERLY D.
CHRESTMAN also known as Kimberly
D. Cherry                                                                       DEFENDANTS

## MEMORANDUM OPINION DENYING
## PLAINTIFF'S MOTION FOR JUDGMENT OF COSTS AGAINST DEFENDANTS

On March 17, 2015, the Court entered a Final Judgment [128] in favor of *pro se* Defendants Gail Jaco and Kimberly D. Chrestman ("Defendants") on the state-law claims for conversion, trespass, intentional infliction of emotional distress, and breach of contract; and in favor of *pro se* Plaintiff Michael W. Smith ("Plaintiff") only in the finding that as between parties to this cause of action the title to the subject real property is vested in Plaintiff. The Court stated in its Final Judgment [128] that any action to confirm and quiet title should be commenced in the Chancery Court of Desoto County, Mississippi.

Plaintiff has now filed a motion for judgment of costs against Defendants [131] wherein he seeks total costs in the amount of $73.52: specifically, he seeks the amount of $53.27 for "postage" and $20.25 for "copies," as well as "any amount required by the Court/Clerk (i.e., filing fees, U.S. Marshal fees, etc.)." Defendants have not filed a response. The matter is now ripe for review. For the following reasons, Plaintiff's requests shall be denied.

Rule 54(d)(1) of the Federal Rules of Civil Procedure controls where a party seeks to recover costs, and it provides, in relevant part, that costs—other than attorney's fees—should be allowed to the prevailing party. FED. R. CIV. P. 54(d)(1). The Court notes at the outset that it is debatable whether Plaintiff is, in fact, "the prevailing party" in this case, as he has only prevailed

1

on one issue in his case. "The trial court has broad discretionary powers in taxing costs . . . . While [Rule 54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs." *Kent v. Vicksburg Healthcare, L.L.C.*, 534 F. App'x 229, 230 (5th Cir. 2013) (per curiam) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (citations and internal quotation marks omitted)). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, — U.S. —, —, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (Feb. 26, 2013).

The following six categories of costs are recoverable to the prevailing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

First, Plaintiff requests $53.27 for "postage." Courts in the Fifth Circuit have held that postage is not recoverable under Section 1920. *See Ducote Jax Holdings, L.L.C. v. Bank One Corp.*, No. 04-1943, 2007 WL 4233683, at *6 (E.D. La. Nov. 28, 2007); *Noel Studio, Inc. v.*

*Ewell*, No. 4:06-CV-208, 2006 WL 3317095, at *2 (E.D. Tex. Oct. 30, 2006); *Auto Wax Co. v. Mark v. Prods., Inc.*, No. 3:99-CV-982-M, 2002 WL 265091, at *5 (N.D. Tex. Feb. 22, 2002); *Migis v. Pearle Vision, Inc.*, 944 F. Supp. 508, 518 (N.D. Tex. 1996). This Court finds that Plaintiff's postage request is not well taken and should be denied.

Next, Plaintiff requests $20.25 for "copies." A party may tax as costs "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(3), (4); *Mota v. Univ. of Tex.*, 261 F.3d 512, 529 (5th Cir. 2001). The prevailing party must verify that the particular copies were "necessarily obtained for use in the case." *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). This is usually done by submitting an affidavit attesting that the amount claimed is correct and that the services giving rise to the costs were actually and necessarily performed. 28 U.S.C. § 1924; *see also Alexander v. City of Jackson, Miss.*, 456 F. App'x 397, 402 (5th Cir. 2011) (affirming the denial of costs when counsel failed to explain why the copies were necessary). Because Plaintiff has provided no documentation or argument in support of his request for the costs of copies, the Court finds that his request should be denied.

Finally, Plaintiff requests costs for "any amount required by the Court/Clerk (i.e., filing fees, U.S. marshal fees, etc.)." The Court finds in its discretion that this request is not well taken, given that Plaintiff did not prevail on most of his claims and the specific facts and circumstances of this case that indicate that such a request is not proper.

For all of the foregoing reasons, Plaintiff Michael W. Smith's motion for judgment of costs against Defendants [131] is DENIED.

An order in accordance with this opinion shall issue this day.

3

THIS, the 7th day of May, 2015.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

4